

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80, 596-01

### EX PARTE ASHLEY CHARLES BURRELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR28712-A IN THE 75TH DISTRICT COURT
### FROM LIBERTY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to imprisonment for seventy-four years.

At Applicant's trial, a co-defendant—Malcolm Jamal Brooks—testified that he, Applicant, and another co-defendant, who did not testify, committed the armed robbery. In his habeas application, Applicant alleges, *inter alia*, that co-defendant Brooks lied. Brooks provided a declaration that Applicant has attached to the application. In it, Brooks avers that Applicant did not commit the robbery with him and that he perjured himself at Applicant's trial.

The trial court conducted an evidentiary hearing, to which Brooks was brought. Because the trial court was concerned about possible aggravated perjury charges, it appointed counsel to Brooks. Brooks conferred with his lawyer, who informed the trial court that Brooks wanted to retract his declaration. When the trial judge wanted to hear personally from Brooks, the Bailiff informed the court that Brooks was refusing to enter the courtroom. After further inquiry, the trial court removed Applicant from the courtroom, and Brooks agreed to testify regarding the declaration. Brooks told the trial judge that he was retracting the declaration and that he would not further testify as provided by the Fifth Amendment. Brooks was excused.

After the habeas hearing, Brooks mailed habeas counsel another declaration. He explained that he retracted the prior declaration at the evidentiary hearing because his lawyer told him if he did not do so, "[he would be charged] with a 1st degree felony aggravated perjury and that they would give me the maximum and stack the sentence on top of the [12-year] sentence I'm already serving [for the robbery]. I retracted the affidavit out of fear of getting more time but now I wish to proceed."

The trial court entered findings and recommends that the habeas application be denied. The trial court, however, did not make findings regarding the last declaration from Brooks stating that he desired to proceed even though he knew of the possibility of aggravated perjury charges. The trial court shall resolve the issue of whether Brooks will testify as to Applicant's innocence, and if he does, whether Brooks's testimony shows Applicant to be actually innocent when considered against the evidence of Applicant's guilt. *Ex parte Elizondo*, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996); *Ex parte Tuley*, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002).

As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. To resolve the disputed issues, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial

court may rely on its personal recollection. *Id*. It appears that Applicant continues to be represented by appointed habeas counsel. If the trial court elects to hold a hearing, it shall determine whether Applicant continues to be so represented. If Applicant is not represented by counsel, and if Applicant is indigent and wishes to be so represented, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as discussed above, and the trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief. This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 5, 2014
Do not publish